668 A.2d 1158

COMMONWEALTH of Pennsylvania

v.

Verne R. WOODRUFF, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 25, 1995.

Filed Dec. 19, 1995.

224

Helen A. Haglich, Assistant Public Defender, Towanda, for appellant.

Stephen G. Downs, Jr., Assistant District Attorney, Towanda, for Commonwealth, appellee.

Before DEL SOLE, FORD ELLIOTT and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from an order sentencing appellant entered in the Court of Common Pleas of Bradford County on August 1, 1994. We affirm.

On June 24, 1994, appellant Verne Woodruff was tried and found guilty by a jury of driving under the influence of alcohol (3 counts),[1] simple assault,[2] and disorderly conduct.[3] In addition, appellant was found guilty by the court of the summary offenses of harassment,[4] use of multiple beam lighting equipment,[5] and restriction on consumption of alcoholic beverages.[6] Then, on August 1, 1994, appellant was sentenced to a total of one to four years of imprisonment,[7] and ordered to pay fines and statutory costs, and to undergo drug and alcohol treatment. This appeal follows.

On appeal, appellant raises two issues: (1) whether the evidence was sufficient to support the conviction of driving under the influence of alcohol and (2) whether the trial court's instruction to the jury regarding "actual physical control of the movement of a motor vehicle" for such crime was proper. We hold the evidence to be sufficient and the jury instruction proper, and thus affirm the order sentencing appellant.

[1] Appellant's first claim, that the evidence was insufficient to support his conviction of driving under the influence,

1. 75 Pa.C.S.A. § 3731(a)(1), Driving Under the Influence of Alcohol, Incapable of Safe Driving; 75 Pa.C.S.A. § 3731(a)(4), Driving Under the Influence of Alcohol, Blood Alcohol Level .10% or Greater at Time of Operation; and 75 Pa.C.S.A. § 3731(a)(5)(i), Driving Under the Influence of Alcohol, Blood Alcohol Level .10% or Greater Within Three Hours of Operation.

2. 18 Pa.C.S.A. § 2701(a)(1).

3. 18 Pa.C.S.A. § 5503(a)(1).

4. 18 Pa.C.S.A. § 2709.

5. 75 Pa.C.S.A. § 4306(a).

6. 75 Pa.C.S.A. § 3715(a).

7. The portion of the sentence relating to appellant's conviction for the three counts of driving under the influence of alcohol was six to twenty-four months. Order, 8/1/94 at 1.

fails. In reviewing a sufficiency claim, our standard of review is well settled:

> We must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing the sufficiency of evidence.

*Commonwealth v. French*, 396 Pa.Super. 436, 440, 578 A.2d 1292, 1294 (1990), *aff'd*, 531 Pa. 42, 611 A.2d 175 (1992); *see also Commonwealth v. Baker*, 531 Pa. 541, 614 A.2d 663 (1992).

The evidence, viewed in the light most favorable to the Commonwealth, is as follows: On the evening of April 14, 1993, appellant purchased between twelve and twenty-four cans of beer at Friedenshutten, a combination restaurant and convenience store. Then, appellant drank several of the cans of beer and apparently passed out. In the early hours of April 15, 1993, appellant was found in his automobile along the side of Route 6 in Wyalusing Township, Pennsylvania. A member of a volunteer ambulance crew found him in a semi-slumped position, smelling of alcohol. The automobile was located approximately fifty yards west of the Friedenshutten. The ambulance crew member notified the police and watched appellant until the police arrived. State police troopers Kern and Salandro arrived on the scene at approximately 1:15 a.m. to find appellant's vehicle on the paved berm (4 to 5 feet in width) of the road, with the driver's side tires protruding over the fog lines into the lane of traffic by approximately one tire-length. The engine of the automobile was running and its high beam lights were activated. Appellant was seated behind the steering wheel, slumped down with his chin on his chest, and sleeping. Further, the officers noted that between 12 and 24 beer cans were located in the car, some empty, some full. Accordingly, the officers had to rouse appellant several times in order for him to respond to their questions.

After appellant had awakened, he required assistance to emerge from the car. Appellant's eyes were bloodshot, his speech was slurred, and his gait was unsteady. Then, appellant was given and failed two field sobriety tests. Hence, the officers placed appellant under arrest for Driving Under the Influence of Alcohol. After appellant was placed under arrest, the police asked appellant whether he wanted one of the officers to move his automobile immediately or have it towed to another location later, because it presented a hazard to other motorists. Appellant elected for the officers to move his car at that moment. Accordingly, Officer Salandro removed the automobile from the berm of the road and drove it across the road to a large gravel parking lot.[8] Next, the officers took appellant to Memorial Hospital in order to test his blood-alcohol level. Before appellant's blood was drawn, he struggled as he was un-handcuffed and kicked a nurse in her leg and stomach. Appellant's blood was subsequently drawn at 2:05 a.m. and found to include .24% alcohol by weight.[9] After appellant's blood was drawn, he resisted police efforts to re-handcuff him and kicked Trooper Kern in the groin area before he could be subdued.

Appellant challenges the sufficiency of evidence with respect to the "actual physical control" element of the driving under the influence of alcohol crime. Appellant was convicted of the following three subsections of 75 Pa.C.S.A. § 3731, Driving Under the Influence of Alcohol:

8. Note that appellant alleged at trial and in his appellate brief that his automobile was not located on the side of the road when he passed out and was found by the police, but rather in the gravel parking lot where the Commonwealth alleged that appellant's car was placed by the officer. Appellant's brief at 11; N.T., 6/24/94 A.M. at 81–82, 90. Essentially, appellant is arguing that he did not move his car after he consumed the alcohol; however, such movement may be inferred under the Commonwealth's account of the events. As we are required to view the evidence in the light most favorable to the Commonwealth, we must accept the Commonwealth's version of the events which transpired on the morning in question. *See French, supra; Baker, supra.*

9. This evidence is not disputed, and in fact was stipulated to by appellant at trial. *See* N.T., 6/24/94 A.M. at 55–56.

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving; . . .

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater; or

(5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the person's breath, blood or urine, which sample is:

(i) obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.

75 Pa.C.S.A. § 3731(a)(1), (4), (5)(i). Each of the above subsections requires that the Commonwealth prove two elements beyond a reasonable doubt: (1) defendant was driving, operating or in actual physical control of the automobile (2) while he was under the influence of alcohol that rendered him incapable of safe driving or if his blood alcohol level is 0.10% or greater while driving or within 3 hours thereafter. *Id.; Commonwealth v. Byers*, 437 Pa.Super. 502, 505, 650 A.2d 468, 469 (1994); *Commonwealth v. Proctor*, 425 Pa.Super. 527, 530, 625 A.2d 1221, 1223 (1993), *alloc. denied*, 535 Pa. 661, 634 A.2d 223 (1993). Appellant does not contest the sufficiency of the evidence concerning the second element of the three counts for which he was convicted,[10] but rather questions the sufficiency of the evidence under the first element which is common to each subsection, *i.e.*, that he was driving, operating or in actual physical control of the automobile. We disagree.

We find that appellant was in "actual physical control" under the statute when he was found by the police. Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. *Byers*, 437 Pa.Super. at 505, 650 A.2d at 469. More specifically, the suspect location of

10. *See* footnote 9, *supra.*

an automobile "supports an inference that it was driven, ... a key factor in the finding of actual control." *Id.* Appellant was found sleeping in his automobile on the berm of a road, with the engine running and his high beam lights activated, while a portion of his car encroached upon the road. Further, he was not found in the parking lot of the Friedenshutten where he purchased the alcohol, but alongside the road, away from such establishment. The facts of the instant case are analogous to *Commonwealth v. Crum,* 362 Pa.Super. 110, 523 A.2d 799 (1987), where we held that the defendant had "actual physical control" where he was found slumped across the front seat of his car which was located on the berm of a road, with the motor running and the lights on. *Id.* In *Crum,* we also noted that no observation was necessary that the defendant's car was in motion. *Id.* at 113, 523 A.2d at 801. Further, in *Commonwealth v. Leib,* 403 Pa.Super. 223, 588 A.2d 922 (1991), we held evidence sufficient to find that defendant had "actual physical control" of his vehicle where he was found asleep behind the wheel of his vehicle located in the middle of a road, with his keys in the ignition. *Id.* The facts of the instant case mirror these cases with respect to the finding of "actual physical control" since appellant was found sleeping at the wheel of his car, with the engine running while the car was located on the berm of the road. Consequently, we hold that there was sufficient basis under the above factors for the jury to have reasonably found that appellant was in control of his automobile while driving under the influence of alcohol as prohibited by 75 Pa.C.S.A. § 3731(a)(1), (4) and (5)(i). *Crum, supra, Leib, supra.*

Appellant argues, however, that *Byers* requires us to find otherwise. In *Byers,* we held that the evidence was not sufficient to find "actual physical control" where the defendant was found intoxicated inside his automobile, which was located in the bar parking lot where he purchased his alcohol, with the engine running and the headlights turned on. *Byers,* 437 Pa.Super. 502, 650 A.2d at 468. The defendant in *Byers* did not move the car from the parking lot where he had been drinking and thus did not pose a threat to public safety. *Id.*

at 507, 650 A.2d at 470. The facts of the instant case, however, are clearly distinguishable as appellant was found in his automobile along the side of a road, away from the establishment where he had purchased the beer. Therefore, we may infer that appellant drove his car to the spot where he was eventually found by the police while under the influence of alcohol, which clearly presents a threat to public safety. *Id.* at 505, 650 A.2d at 469. Further, public safety was endangered by the encroachment of appellant's car onto the roadway. *See Commonwealth v. Farner*, 90 Pa.Cmwlth. 201, 494 A.2d 513 (1985). Consequently, we find that *Byers* does not support appellant's claim that the evidence was insufficient to hold appellant in "actual physical control" of the auto, but instead supports our holding that such evidence was sufficient.

 Appellant's second claim, that the jury instruction regarding the first element of the driving under the influence of alcohol, is without merit. The trial court charged the jury with the following instruction for this element:

COURT: ... The crime of driving under the influence can be committed, not only by a person who literally drives a vehicle, but also [by] one who operates or is in actual physical control of the movement of a vehicle. A person does not drive, unless he actually has the vehicle moving, however, a person may operate or be in actual physical control of the movement of a standing vehicle. These terms are broader than the term drive. They cover certain situations where a person, under the influence, is a distinct threat to public safety, even though he is not actually driving at the time. Thus, a person operates or [is] in actual control of a motor vehicle, if he is in actual physical control of either the machinery of the vehicle or of the management of the movement of the vehicle itself.

You may consider circumstantial evidence in determining whether the defendant was driving, operating or in actual physical control of the movement of a vehicle. Factors that you may consider in determining whether the defendant was in actual control of the movement of a vehicle are[:] ... where the vehicle was located, whether the engine was

running, whether the lights were on, whether the defendant was located or seated in the vehicle and, specifically, whether he was seated behind the steering wheel and, generally, whether the defendant had control and management of the vehicle. The Commonwealth need not prove that the vehicle was actually in motion.

N.T., 6/24/94 P.M. at 36–37. Trial courts have broad discretion in phrasing jury instructions and "can choose [their] own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Jacobs*, 536 Pa. 402, 412, 639 A.2d 786, 791 (1994). Our standard in reviewing jury instructions is to reverse only where there has been an abuse of discretion or an inaccurate statement of the law. *Id.; see also Commonwealth v. Prosdocimo*, 525 Pa. 147, 150, 578 A.2d 1273, 1274 (1990).

In its charge to the jury, the trial court did not err with respect to the first element of the driving under the influence of alcohol crime. As discussed earlier, the first element common to the three counts of the crime for which appellant was charged is that the defendant was driving, operating, or in actual physical control of the automobile. 75 Pa.C.S.A. § 3731(a)(1), (4) and (5)(i); *Byers*, 437 Pa.Super. at 505, 650 A.2d at 469; *Proctor*, 425 Pa.Super. at 529, 625 A.2d at 1223. Appellant claims that the trial court erred in (1) not including in its instruction regarding "actual physical control" the following factors: whether appellant was sleeping, whether he posed a safety threat to others, and whether he was in a parking lot; and (2) not stating that it was not dispositive that the motor was running and the headlights were turned on. Appellant's brief at 10–11. The first paragraph of the instruction given in the instant case cited above, however, comports exactly to the current version of Pennsylvania's Suggested Standard Jury Instructions. *See* Pa.SSJI (Crim.) 17.3731C (1991). Moreover, the 1985 version of this instruction, which is nearly identical to the current version, is quoted approvingly in *Crum*. *See Crum*, 362 Pa.Super. at 115–17, 523 A.2d at 801–802. The instruction, therefore, reflects accurately our

relevant case law on the subject. *See Byers,* 437 Pa.Super. at 506, 650 A.2d at 470.

Although appellant claims that certain factors are lacking in the above jury instruction, such factors are either explicitly or implicitly included in this instruction. The factor, whether appellant posed a safety threat to others, is explicitly addressed in the first paragraph cited where the trial court instructed: "These terms . . . cover certain situations where a person under the influence, is a distinct threat to public safety, even though he is not driving at the time." N.T., 6/24/94 at 36. The factor, whether appellant was sleeping, is included implicitly in the same portion of the instruction since a driver who is sleeping in his automobile clearly poses a threat to public safety. *See Commonwealth v. Cathey,* 435 Pa.Super. 162, 166, 645 A.2d 250, 251 (1994). Furthermore, such factor is implicitly included in the second paragraph of the above instruction where the court instructed the jury to consider "generally, whether the defendant had control of the management of the vehicle." *Id.* at 37. It is also clear that whether appellant was in a parking lot is included in the second paragraph which listed as a factor "where the vehicle was located." *Id.* at 36. In addition, it was not necessary to instruct the jury that it was not dispositive that the engine was running and the lights were turned on, because it is apparent from the second paragraph that such factors are but two of several factors to be considered in order to determine whether a person has "actual physical control" of an automobile.

■ Consequently, the above instruction comports with Pennsylvania's Suggested Standard Jury Instructions and applicable case law regarding whether appellant had "actual physical control" of an automobile, and accurately addresses the factors suggested by appellant. Hence, the instruction "clearly, adequately and accurately presented [the applicable law] to the jury for its consideration" and the trial court did not err in charging the the jury as such. *See Jacobs, supra.*

Therefore, based on the foregoing, we affirm the order sentencing appellant on his conviction for driving under the influence of alcohol.

Order affirmed.