J-S28044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE RAMON MARTE | |
| Appellant | No. 1517 MDA 2014 |

Appeal from the Judgment of Sentence April 30, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000003-2014

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 02, 2015**

Jose R. Marte appeals from the judgment of sentence imposed in the Court of Common Pleas of Berks County after a jury trial before the Honorable John A. Boccabella.  We affirm.

The trial court has set forth the facts of this matter as follows:

On November 10th, 2013, at approximately 12:35 a.m., Officer Kyle Kunkle was dispatched to a Motor Vehicle Accident in the 600 block of Gordon Street.  The caller (witness) stated a male exited the crashed vehicle and seemed intoxicated.  When Officer Kunkle arrived at the scene [Marte] was standing and leaning on the rear of [the tow truck that Marte allegedly crashed into].  Officer Kunkle approached the male and identified himself.  Officer Kunkle asked [Marte] if he was ok.  The male responded and said "my back hurts".  Officer Kunkle told [Marte] not to move and explained to him that EMS was en route.

While waiting for EMS, Officer Kunkle noticed a large bottle of alcohol in the front passenger foot well.  [Marte] was swaying and had a hard time speaking.  Officer Kunkle asked [Marte] if he wanted to go to the Hospital.  [Marte] said "he was ok and did not want to go to the hospital".  During the conversation

> Officer Kunkle smelled a strong odor of [alcohol] on his breath. He asked [Marte] if he was drinking. [Marte] smiled at Officer Kunkle and stated "yes, I had been drinking". Officer Kunkle asked [Marte] if he would be willing to do a sobriety test. [Marte] responded, "No, I don't want to". Officer Kunkle placed [Marte] under arrest for a possible DUI.
>
> [Marte] was transported to the DUI Center under the court house. [Marte] needed help walking to the center. Once inside the Sheriff's department determined they would not keep [Marte] due to his high level of intoxication. [Marte] was taken to the DUI Center at St. Joseph's and was read the implied consent DL-26 form. [Marte] did not consent to a blood draw. Ultimately, since the Sheriff['s] Department would not keep [Marte], he was transported to his residence and released to his mother.

Trial Court Opinion, 12/12/14, at 2-3.

On November 10, 2013, Marte was charged with one count of driving under the influence of alcohol ("DUI"),[1] one count of driving while operating privilege is suspended or revoked,[2] one count of careless driving,[3] and one count of violating the restriction on a driver possessing an open alcoholic beverage container.[4] On April 3, 2014, a trial was held before Judge Boccabella after which the jury found Marte guilty on all counts except the

---

[1] 75 Pa.C.S.A. § 3802.

[2] 75 Pa.C.S.A. § 1543.

[3] 75 Pa.C.S.A. § 3714.

[4] 75 Pa.C.S.A. § 3809.

open container charge.  Marte was sentenced on April 30, 2014, to not less than twelve (12) months' nor more than five (5) years' incarceration with a credit for time served of one-hundred eighteen (118) days.  Marte's post-sentence motions were denied and he filed a timely notice of appeal to this Court, as well as a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Marte raises the following issues for our consideration:

A. Whether the evidence was insufficient to establish the guilty verdicts of Driving Under the Influence, Driving While Operating Privilege is Suspended or Revoked, and Careless Driving where the Commonwealth failed to prove beyond a reasonable doubt that [Marte] drove, operated, or was in actual physical control of the movement of a vehicle?

B. Whether the trial court erred in denying [Marte's] evidentiary objection to the Commonwealth introducing hearsay testimony from Abraham Quiles?

C. Whether the verdicts were contrary to the weight of the evidence given the only testimony offered by the Commonwealth to establish that [Marte] was driving was hearsay evidence?

Brief of Appellant, at 8.

Marte first challenges the sufficiency of the evidence to establish convictions for DUI, driving while operating privilege is suspended or revoked, and careless driving.  Although Marte does not dispute that he was under the influence of alcohol, he challenges whether or not the Commonwealth established that he was in actual, physical control of the motor vehicle.

We review a sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-68 (Pa. Super. 2014) (brackets omitted).

Pennsylvania's DUI statute provides as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Pennsylvania's driving while operating privilege is suspended or revoked statute provides as follows:

> Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this

Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

Finally, Pennsylvania's careless driving statute provides as follows:

Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

75 Pa.C.S.A. § 3714(a).

The three offenses share the common element that the defendant must be shown to have been driving or in control of a vehicle. Marte is challenging whether this element was proven beyond a reasonable doubt in each of his convictions.

"The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." **Commonwealth v. Johnson**, 833 A.2d 260, 263 (Pa. Super. 2003). Accordingly, eyewitness testimony that the defendant was actually, physically driving the vehicle is not required. There are certain factors to consider when determining whether the defendant was in actual control of the movement of a vehicle, such as where the vehicle was located, whether the engine was running, whether the lights were on, and whether the defendant was located or seated in the vehicle. **Commonwealth v. Woodruff**, 668 A.2d 1158, 1162 (Pa. Super. 1995). In **Commonwealth v. Devereaux**, 450 A.2d 704, 709 (Pa. Super. 1982), the defendant was found

in the passenger seat of the vehicle after a crash. Devereaux was the only person in the car and this Court held that it was proper, using the factors above, to conclude beyond a reasonable doubt that Devereaux had been driving the vehicle when it crashed. *Id.*

Here, within ten (10) seconds of hearing the crash, Abraham Quiles, the owner of the tow truck that Marte crashed into, looked out of his bedroom window and saw only Marte outside, a mere few feet away from the open driver's side door. The motor was running and the vehicle was located with its left side against the tow truck with Marte standing outside of the door.

Moreover, "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Lambert*, 795 A.2d 1010, 1013 (Pa. Super. 2002). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.*

Here, as in *Devereaux*, the evidence is not so weak or inconclusive that the circumstances could not lead a fact-finder to find beyond a reasonable doubt that Marte was in actual, physical control of the motor vehicle while he was intoxicated. Accordingly, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that there was sufficient evidence to demonstrate that Marte was driving or in control of the vehicle at the time of the crash.

Marte next claims that the trial court erred in denying his evidentiary objection to certain testimony elicited from Abraham Quiles. Quiles had overheard a conversation between Marte's mother and the owner of the car that Marte was allegedly driving, Hernandez. Specifically, Quiles testified that, upon arriving at the scene, Marte's mother "asked the guy, the owner of the car, how come you let him drive. And he said I didn't let him drive. He took the car." N.T. Trial, 05/22/14, at 75-76.

> The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted).

Here, the Commonwealth argues that the statements in question were properly admitted at trial under the excited utterance exception to the hearsay rule. Pennsylvania Rule of Evidence 803(2) provides an exception to the hearsay rule for any "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2). To qualify as an excited utterance, a statement must be a spontaneous declaration by a person who has suddenly been "made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely

witnessed, and made in reference to some phase of that occurrence which he perceived." ***Commonwealth v. Counterman***, 719 A.2d 284, 299 (Pa. 1998). This declaration must be so close in time to the event that it was not a product of reflection and deliberation. ***Id.***

Marte argues that because Marte's mother and Hernandez did not participate in or witness the accident, the excited utterance exception should not apply. However, witnessing the actual accident occur is not required for the excited utterance exception; the person must only be "subject to an overpowering emotion caused by some unexpected and shocking occurrence." ***Id.***

Here, the startling event for Marte's mother was the realization that her son was involved in a car accident. The startling event for Hernandez was the realization that his car had been badly damaged by the accident. Seeing that one's child has been in a car accident fulfills this requirement as does realizing that one's car has been badly damaged. There is no evidence of reflection or deliberation. Therefore, these statements clearly fit the excited utterance exception and the trial court properly admitted them as evidence.

Finally, Marte claims that the verdict was against the weight of the evidence. For this Court to reverse the trial court's verdict on weight of the evidence grounds, we must determine that the verdict is so contrary to the evidence as to shock one's sense of justice. ***Commonwealth v. Clay***, 64

A.3d 1049, 1055 (Pa. 2013); ***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa. 1994).

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must:

> Examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury.

***Clay***, 64 A.3d at 1056 (citations omitted). It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function. ***Thompson v. Philadelphia***, 493 A.2d 669, 673 (Pa. 1985).

Here, the jury's verdict is not so contrary to the evidence as to shock one's sense of justice and to require a new trial. Within ten (10) seconds of hearing a crash, Quiles witnessed Marte a mere few feet from the open driver's side door of the car, which had crashed into Quiles' truck. Marte was the only person in the immediate area of the collision. There was no room in between the car and the truck for a person as intoxicated as Marte to have moved around the car that quickly. In addition, Quiles heard Marte's mother and Hernandez discuss how Marte took Hernandez's car. Upon review of the record, we can discern no abuse of discretion on the part of the trial court in finding that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2015