J-A28027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHARLES T. MABINE | |
| Appellee | No. 1643 EDA 2014 |

Appeal from the Order Entered May 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0004285-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 29, 2015**

The Commonwealth appeals from the pretrial order entered on May 5, 2014, by the Honorable Joan A. Brown, Court of Common Pleas of Philadelphia County, which denied the Commonwealth's petition for a writ of *certiorari* from the order entered in municipal court granting Appellee, Charles T. Mabine's motion to suppress physical evidence.[1]  After review, we reverse the order denying the Commonwealth's petition for writ of *certiorari* and remand for further proceedings.

_____

[1] This appeal properly invokes the jurisdiction of this Court as an interlocutory appeal from an order that terminates or substantially handicaps the prosecution.  The Commonwealth has certified in good faith that the Order substantially handicaps the instant prosecution.  **See** Pa.R.A.P. 311(d).

The relevant facts and procedural history can be summarized as follows. On January 30, 2013, at approximately 3:50 a.m., a police officer on routine patrol observed Mabine asleep behind the wheel of a running car parked on the side of a street in a business district. When the officer approached the car, he discovered that Mabine was sound asleep and had vomit or food on his shirt. After attempting to wake Mabine up for several minutes to no avail, the officer called a wagon to come for DUI transportation. Once Mabine woke up, the officer asked him to step out of the car and began questioning him. Through their interaction, the officer noticed that Mabine's eyes were bloodshot, his speech was slurred, and the smell of alcohol was on his breath. Mabine was subsequently arrested and charged with DUI.[2]

At the municipal court hearing, Mabine moved to suppress physical evidence[3] on the grounds that the officer had "no reasonable suspicion to question [him] about driving under the influence or probable cause to arrest him." N.T., Municipal Court Hearing, 12/20/13, at 3. Following the hearing, the municipal court granted Mabine's suppression motion, apparently on the basis that the Commonwealth failed to establish reasonable suspicion for the investigative detention. *See id*., at 13-14.

---

[2] 75 Pa.C.S.A. § 3802.

[3] It is not clear from the record what physical evidence Mabine sought to have suppressed.

Thereafter, the Commonwealth filed a petition for writ of *certiorari* to the court of common pleas. Following a brief hearing, the trial court denied the Commonwealth's writ of *certiorari* and affirmed the suppression order.[4] This timely interlocutory appeal followed.

On appeal, the Commonwealth contends that the trial court erred in affirming the municipal court's suppression order and maintains that the officer possessed reasonable suspicion to approach Mabine and investigate for possibility of DUI.

Our standard of review for this issue is as follows.

> The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based upon a possible violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is de novo. However, in determining whether the suppression court properly denied [or affirmed] a suppression motion, we consider whether the record supports the court's factual findings. If so, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Holmes*, 14 A.3d 89, 94 (Pa. 2011) (citations omitted).

The trial court's factual findings are supported by the record. The legal conclusion drawn from those facts, however, is just plain wrong. The Fourth Amendment of the United States Constitution and Article 1, Section 8 of our state Constitution protects citizens from unreasonable searches and

---

[4] The trial court fails to explicitly state its reasoning for affirming the suppression order. *See* Trial Court Opinion, at 3-4.

seizures.  *See In the Interest of D.M.*, 781 A.2d 1161, 1163 (Pa. 2001).

"To secure the right of citizens to be free from...[unreasonable searches and

seizures], courts in Pennsylvania require law enforcement officers to

demonstrate ascending levels of suspicion to justify their interactions with

citizens as those interactions become more intrusive."  *Commonwealth v.*

*Beasley*, 761 A.2d 621, 624 (Pa. Super. 2000).  Our Supreme Court has

defined three levels of interaction between citizens and police officers: (1)

mere encounter, (2) investigative detention, and (3) custodial detention.

*See Commonwealth v. Fuller*, 940 A.2d 476, 478 (Pa. Super. 2007).

A mere encounter between a police officer and a citizen does not need

to be supported by any level of suspicion and "carr[ies] no official

compulsion on the part of the citizen to stop or respond."  *Id*., at 479

(citation omitted).  There is no constitutional provision that prohibits police

officers from approaching a citizen in public to make inquiries of them.  *See*

*Beasley*, 761 A.2d at 624.  However, a mere encounter may escalate into

an investigatory detention or seizure if police action becomes too intrusive.

*See id*.

To determine whether a mere encounter rises to the level of an

investigatory detention, we must determine whether, as a matter of law, the

police have conducted a seizure of the person involved.  *See id*.  To decide

whether a seizure has occurred, we must "examine all the circumstances

and determine whether police action would have made a reasonable person

believe he was not free to go and was subject to the officer's orders." **Fuller**, 940 A.2d at 479.

Here, although the interaction between the officer and Mabine may have begun as a mere encounter, it escalated into an investigatory detention, and hence a seizure, once the officer woke Mabine up, asked him to step out his car, and started questioning him. **See Commonwealth v. Ayala**, 791 A.2d 1202, 1208 (Pa. Super. 2002) (holding mere encounter escalated into an investigatory detention when officer ordered defendant to step out of his car). Looking at the totality of the circumstances, we find that a reasonable person in Mabine's position would not have believed that he was free to leave. Accordingly, we conclude that the trial court correctly determined that Mabine was subject to an investigative detention and was seized within the meaning of the Fourth Amendment and Article 1, Section 8.

"Our courts have mandated that law enforcement officers, prior to subjecting a citizen to investigatory detention, must harbor at least a reasonable suspicion that the person seized is then engaged in unlawful activity." **Beasley**, 761 A.2d at 625 (citations omitted). To establish grounds for reasonable suspicion, the police officer must "articulate specific facts which, in conjunction with reasonable inferences derived from those facts, led him reasonably to conclude, in light of his experience, that criminal activity was afoot." **Id**., at 626 (citation omitted).

In the instant case, the trial court affirmed the suppression order of the municipal court, which held that the investigatory detention was not supported by a reasonable suspicion of criminal activity. We disagree. The evidence established that in the early hours of the morning, an officer found Mabine asleep in the driver's side of a running car parked on the side of the road with food or vomit on his shirt. **See** N.T., Municipal Court Hearing, 12/20/13, at 4-6. Certainly, this evidence furnished the officer with the requisite reasonable suspicion to approach Mabine's car and investigate for the possibility of DUI. **Cf**. **Commonwealth v. Toland**, 995 A.2d 1242, 1246-1247 (Pa. Super. 2010) (holding evidence sufficient to establish DUI where defendant was found asleep in driver's seat of a car parked on a public street with the engine running and headlights illuminated); **see also Commonwealth v. Woodruff**, 668 A.2d 1158, 1161-1162 (Pa. Super. 1995) (holding evidence sufficient to establish DUI where defendant found sleeping while slumped over steering wheel of parked running car with headlights illuminated). Accordingly, we conclude that the trial court erred in denying the Commonwealth's petition for writ of *certiorari* and affirming the suppression order of the municipal court.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015