J-S91016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BIEU DANG NGUYEN | |
| Appellant | No. 913 MDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006716-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:     **FILED FEBRUARY 14, 2017**

Appellant, Bieu Dang Nguyen, appeals from the judgment of sentence entered April 4, 2016.  We affirm.

On July 27, 2015, at approximately midnight, Jessica Kortwright was driving on Route 743.  **See** Notes of Testimony (N. T.), 4/4/16, at 5-6.  She noticed a car driving erratically in the right shoulder of the road.  **Id.** at 6-8. Ms. Kortwright followed the car for about twenty minutes and called 911 with the car's license plate number.  **Id.** at 5-7.  Ms. Kortwright stopped following the car when it turned into the Hollywood Casino.  **Id.** at 6.

Tomas Diaz-Garced, security supervisor at Hollywood Casino, received a dispatch from the Pennsylvania State Police concerning a possibly

_____

[*] Former Justice specially assigned to the Superior Court.

intoxicated guest. *Id.* at 12-13. Security footage showed the car turning into the casino and parking. *Id.* at 14-15, 20-21. Mr. Diaz-Garced went to the parked car, where he observed Appellant sleeping in the driver's seat. *Id.* at 15-16. The engine was running and the windshield wipers were activated. *Id.* at 15. Mr. Diaz-Garced knocked on the car window and attempted to rouse Appellant. *Id.* at 16. Appellant smelled of alcohol, his eyes were glassy, his speech was slurred, and he had trouble balancing. *Id.* at 17-18. Mr. Diaz-Garced called the police. *Id.* at 23.

Corporal Kevin Shanahan of the Pennsylvania State Police arrived on the scene. *Id.* at 25-26. He noted that the car was registered to the same address as the address on Appellant's license. *Id.* Corporal Shanahan observed that Appellant had parked across parking lines, smelled strongly of alcohol, had red, bloodshot, and glassy eyes, and was unsteady on his feet. *Id.* at 33. Appellant informed Corporal Shanahan that he had had two to three drinks before leaving a birthday party in Lancaster. *Id.* Corporal Shanahan had Appellant perform a field sobriety test, which he had difficulty completing; Appellant also could not complete an Alco-Sensor test. *Id.* at 35-38. Corporal Shanahan placed Appellant under arrest for suspicion of driving under the influence of alcohol. *Id.* at 39-40. Appellant agreed to a blood draw, and his BAC was .110 percent. *Id.* at 43-45.

Appellant testified that his mother drove him to the casino, and went inside while he slept in the car. *Id.* at 52-53. Appellant stated that he chose to sleep in the driver's seat because it reclined. *Id.*

The trial court convicted Appellant of driving under the influence (DUI) - general impairment, DUI – high rate of alcohol, and careless driving.[1] Appellant was sentenced to not less than forty-eight hours and not more than six months of incarceration and undergo a drug and alcohol evaluation. Appellant timely filed post-sentence motions, which were denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

On appeal, Appellant raises a single issue:

> Whether the trial court erred in denying Appellant's post-sentence motion where Appellant's conviction was against the weight of the evidence so as to shock one's sense of justice where Appellant did not engage in acts which constitute the offense of which he was convicted?

Appellant's Brief at 4.

Appellant argues that he was not driving the vehicle that he was found sleeping in, and no one who was called to testify for the Commonwealth testified that they saw Appellant driving while under the influence. **See** Appellant's Brief at 10. Appellant argues that his conviction was against the weight of the evidence, because although there was surveillance video of the car pulling into the casino, there was a ten minute video blackout between that time and the supervisor's arrival. **Id.** at 11-13.

---

[1] 75 Pa.C.S. §§ 3802(a)(1), 3802(b), and 3714(a), respectively.

The law regarding weight of the evidence claims is well-settled.

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant was convicted of DUI – high rate of alcohol. The elements of that offense are:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b). The term "operate" requires evidence of actual physical control of the vehicle based upon a totality of the circumstances. *See Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008). Factors that may be considered include the motor running, location of the vehicle, and additional evidence showing a defendant has driven the vehicle. *See Commonwealth v. Woodruff,* 668 A.2d 1158, 1161 (1995). The

Commonwealth may establish actual physical control through wholly circumstantial evidence. *See*, *e.g.*, *Commonwealth v. Johnson,* 833 A.2d 260 (Pa. Super. 2003) (collecting cases standing for proposition that Commonwealth may establish by totality of circumstances, defendant was driving, operating or in actual physical control of motor vehicle); *see also Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa. Super. 2005) (finding that appellant had actual physical control of vehicle where police discovered vehicle parked diagonally and appellant was asleep in the driver's seat with the engine running, and failed sobriety tests).

In the instant case, the trial court found the evidence supported all elements of the statute. It found credible Ms. Kortwright's testimony regarding Appellant's driving and rejected Appellant's assertion that his mother had driven him to the casino. *See Houser*, 18 A.3d at 1136. In reaching this conclusion, the court noted the short time between the car pulling into the casino and the security supervisor approaching the car, as well as Appellant's failure to pass field sobriety or blood analysis tests. Appellant was the sole person in the car. Thus, the court concluded that Appellant had driven the car and not his mother.

We see no abuse of discretion in this conclusion and, accordingly, affirm. *See Houser*, 18 A.3d at 1136.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017