**COMMONWEALTH Of Pennsylvania,**
**Appellee,**

v.

**Luis COSTA–HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2002.

Filed June 26, 2002.

---

**2.** Because we reverse on this basis, we do not      reach PSWC's other assertions of error.

Kristen L. Weisenberger, Public Defender, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Commonwealth, appellee.

Before STEVENS, HESTER, and CAVANAUGH, JJ.

STEVENS, J.

¶ 1 Appellant Luis Costa–Hernandez appeals from the May 17, 2001 judgment of sentence entered by the Court of Common Pleas of Dauphin County following Appellant's summary convictions for: (1) Driving Under Suspension;[1] (2) Vehicle Registration Suspended;[2] (3) Operating a Vehicle without Required Financial Responsibility;[3] and (4) Operating a Vehicle without a Valid Inspection Sticker.[4] After reviewing the record and the parties' briefs, we affirm.

¶ 2 The charges for which Appellant was convicted arose from events which occurred on December 12, 1999. Corporal Steven Novacek of the Harrisburg Bureau of Police responded to a call regarding a person slumped over the wheel of a car. The corporal, upon responding to the call, observed Appellant asleep in the vehicle, which was parked in front of a stop sign at an intersection. N.T. 5/17/01 at 21.

¶ 3 Appellant's testimony at trial regarding the next course of events conflicts with the testimony of Corporal Novacek. Corporal Novacek testified that the vehicle was not in a designated parking area and that he observed the vehicle's keys in the ignition and its engine running. N.T. at 21. After reaching through the car window and removing the keys, he awakened Appellant, who pressed his foot to the accelerator pedal, then placed his hand on the gearshift lever and moved it in and out of different gears. N.T. at 23. Next, Corporal Novacek observed Appellant looking over his right shoulder twice. N.T. at 25.

1. 75 Pa.C.S.A. § 1543(b)(1) and (2).

2. 75 Pa.C.S.A. § 1371(a).

3. 75 Pa.C.S.A. § 1786(f).

4. 75 Pa.C.S.A. § 4703(a).

Finally, Corporal Novacek watched as Appellant exited the vehicle for a few seconds, returned to his seat, then looked around the ignition area, his lap, and the seats for something. N.T. at 26.

¶ 4 Appellant's testimony countered Corporal Novacek's observations. Appellant testified that he never had the engine turned on and had not opened the window more than a few inches. N.T. at 67. Further, Appellant testified that when he awoke, he stretched, which is why his foot was on the accelerator and his hand was on the gearshift, and that he always moves his head around when stretching. N.T. at 68–69. Appellant also testified that the car was inoperable, that he went to check on the condition of the car because it was in a bad neighborhood, and that he was tired, which was why he fell asleep in the car. N.T. at 59–61.

¶ 5 A jury acquitted Appellant of the Driving Under the Influence charge.[5] The Honorable Richard A. Lewis, however, sitting in judgment on the remaining charges, found Appellant guilty of violating Sections 1543(b), 1371(a), 1786(f), and 4703(a) of the Vehicle Code.[6] Appellant filed this timely appeal, claiming that the evidence presented at trial was insufficient, as a matter of law, to sustain his convictions.[7]

¶ 6 The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Williams,* 539 Pa. 61, 650 A.2d 420 (1994). In applying this test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Cassidy,* 447 Pa.Super. 192, 668 A.2d 1143 (1995).

¶ 7 Sections 1371(a) and 1786(f) of the Vehicle Code prohibit a person from *operating* a vehicle when the vehicle registration is suspended and when the required financial responsibility is lacking, respectively. Sections 1543(b) and 4703(a) of the Vehicle Code prohibit a person from *driving* a vehicle when his or her license is suspended and when the vehicle lacks the required registration plates issued by the Commonwealth, respectively. Appellant disputes the sufficiency of the evidence regarding the "operating" element of Sections 1371(a) and 1786(f) and the "driving" element of Sections 1543(b) and 4703(a) only, alleging that the Commonwealth neither produced a witness who observed him driving nor rebutted with direct evidence his testimony of an inoperable car. We disagree.

¶ 8 Caselaw interpreting the terms for the specific subsections of the Vehicle Code involved here are not on point. We have, however, identified what "driving" and "operating" means for other sections of the Vehicle Code. For example, in *Commonwealth v. Byers,* 437 Pa.Super. 502, 650 A.2d 468 (1994), a case involving Section 3731(a)(1) of the Vehicle Code,[8]

5. Appellant requested a trial by jury for the charge of violating Section 3731(a)(1) of the Vehicle Code.

6. Judge Lewis sentenced Appellant to ninety (90) days of incarceration, work release eligible, and fined him one thousand ($1,000) dollars for the Section 1543 charge, costs of prosecution and one-hundred ($100) dollars for the Section 1371 charge, and twenty-five

($25) dollars for the Sections 1786 and 4703 charges.

7. All Pa.R.A.P.1925 requirements have been met.

8. Section 3731(a)(1) states, "A person shall not drive, operate, or be in actual physical control of the movement of a vehicle in any of the following circumstances: (1) While under

this Court recognized that "[a] person *operates* a vehicle if he is in actual physical control of either the machinery of the motor vehicle or the movement of the vehicle itself." *Byers*, 650 A.2d at 470 (*quoting* Pa.SSJI (Crim.) 173731) (emphasis added). Actual physical control is determined "based upon the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was additional evidence indicating that the defendant had driven the vehicle prior to the arrival of the police." *Commonwealth v. Saunders*, 456 Pa.Super. 741, 691 A.2d 946, 949 (1997).

■ ¶ 9 Similarly, we have held that one "drives" a vehicle when the Commonwealth proves that the car was in motion at the time in question. *Commonwealth v. Brown*, 268 Pa.Super. 206, 407 A.2d 1318 (1979). The Commonwealth need not produce direct evidence of driving, such as testimony that a defendant was seen driving, but may instead rely on circumstantial evidence creating the inference that the vehicle had been in motion in order to meet its evidentiary burden. *Saunders*, 691 A.2d at 950; *Commonwealth v. Matsinger*, 288 Pa.Super. 271, 431 A.2d 1043, 1045 (1981).[9] This Court considered such standard for "driving" as relevant for both Section 1543 and Section 3731 of the Vehi-

cle Code.[10] Additionally, this Court has stated, "While all driving is necessarily operation of a motor vehicle, not all operation is necessarily driving." *Brown*, 407 A.2d at 1319.

■ ¶ 10 Despite Appellant's assertions to the contrary, the testimony of Corporal Novacek was clearly sufficient for the fact-finder to believe that Appellant was both operating and driving the vehicle. Specifically, the Corporal testified that the vehicle was located at an intersection at a stop sign and not in a designated parking area, that the engine was running, that Appellant was in the driver's seat, and that Appellant pressed the accelerator and shifted gears purposefully upon awakening. The trial court also determined from the corporal's testimony that the vehicle was operable.

¶ 11 The corporal's testimony, standing alone, clearly sufficed to allow for the inference that Appellant had driven the vehicle in violation of Sections 1543 and 4703 of the Vehicle Code. *See Matsinger*, 431 A.2d at 1044–46 (finding that vehicle in motion could be inferred from officer's testimony regarding facts of case). Moreover, because the facts of the case support an inference that Appellant "drove" his

---

the influence of alcohol to a degree which renders the person incapable of safe driving." 75 Pa.C.S.A. § 3731(a)(1).

**9.** In *Matsinger*, the Commonwealth charged the appellee with driving a vehicle while his operating privilege was suspended in violation of Section 1543(a) of the Vehicle Code, and driving while under the influence of alcohol in violation of Section 3731(a)(1) of the Vehicle Code. The trial court sustained the appellee's demurrer because the Commonwealth had failed to establish that the appellee's van had been in motion. The Commonwealth appealed, and this Court reversed and remanded the trial court's decision because the Commonwealth had presented sufficient

circumstantial evidence to infer that the defendant's van had been in motion.

**10.** At the time *Matsinger* was decided, Section 3731(a)(1) prohibited a person from only *driving* while under the influence of alcohol, which itself was a revision of the repealed Section 1037, which prohibited a person from *operating* a motor vehicle while under the influence of alcohol. *Commonwealth v. Crum*, 362 Pa.Super. 110, 523 A.2d 799, 800–802 (1987). Section 3731 was subsequently amended and now prohibits one from driving, operating, or being in actual physical control of the movement of any vehicle while under the influence of alcohol. *Crum*, 362 Pa.Super. at 114, 523 A.2d at 801.

vehicle, the logic in *Brown* dictates that he was also "operating" the vehicle in violation of Sections 1371 and 1786 of the Vehicle Code.

¶ 12 Nor do we accept Appellant's argument that the trial court could not rely on the corporal's testimony where Appellant testified otherwise. Appellant asserts that the Commonwealth rebutted his testimony that his car was inoperable with only the corporal's testimony. Appellant is essentially asking this court to substitute our judgment for the fact-finder's. We may not, however, weigh the evidence and substitute our judgment for the fact-finder's, and the question of any doubt regarding the facts and circumstances established by the Commonwealth is for the fact-finder to resolve unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Hackenberger*, 795 A.2d 1040 (Pa.Super.2002). The fact-finder is free to believe all, part, or none of the evidence presented. *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986).

¶ 13 Here, the trial court was free to believe either Appellant's or Corporal Novacek's testimony, and chose to believe Corporal Novacek's version of the events because the court "did not find him (Appellant) to be a credible witness." Trial Court Opinion, Dated 12/6/01, at 4. Accordingly, there is no basis in the record to assign error with the trial court's determination.

¶ 14 We specifically adopt the definitions in *Matsinger, supra*, as the definitions of "drives," "be driven," "operate," and "be operated" for the purposes of Sections 1543(b), 1371(a), 1786(f), and 4703(a) of the Vehicle Code.

¶ 15 For the foregoing reasons, the Commonwealth has proven every element of the summary charges brought against Appellant. As a result, we affirm the judgment of sentence.

¶ 16 Affirmed.