J-S42034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VONSINTARREYUN DESHARVIE AUDILES, | : | |
| | : | |
| Appellant | : | No. 368 MDA 2018 |

Appeal from the Judgment of Sentence January 25, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-SA-0000072-2017

BEFORE: BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ

MEMORANDUM BY STRASSBURGER, J.: **FILED OCTOBER 02, 2018**

Appellant Vonsintarreyun Desharvie Audiles (Appellant) appeals from her January 25, 2018 judgment of sentence after she was found guilty of driving while operating privilege is suspended or revoked pursuant to 75 Pa.C.S. § 1543(a). Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We provide the following background.

> On May 22, 2017, Officer Matthew Lynch of the Chambersburg Police Department filed a traffic citation against [Appellant], charging her with driving while operating privileges are suspended or revoked, pursuant to 75 Pa.C.S.[] § 1543(a). On July 13, 2017, a summary trial took place before the magisterial district judge. At the conclusion of the hearing, the magisterial district judge found [Appellant] guilty, and imposed a sentence of not less than 90 days to not more than 180 days in the county jail,[1] a fine [of] $1,000, and other fees and costs.

---

\* Retired Senior Judge assigned to the Superior Court.

_____

[1] This conviction is [Appellant's] fourth violation of 75 Pa.C.S. § 1543(a). As such, the penalties are set forth in 75 Pa.C.S. § 6503; this provision provides maximum penalties of $1,000 fine and [six] months' imprisonment for a second or subsequent violation of [subsection] 1543(a).

On July 17, 2017, [Appellant] filed a notice of appeal from summary criminal conviction with [the trial court]. After several continuances, a summary appeal trial was held on January 25, 2018; [Appellant] was represented by counsel. At the conclusion of the evidence, [the trial court] found [Appellant] guilty, fined her $1,000, and sentenced her to a period of incarceration of not less than 45 days to not more than 90 days in Franklin County Jail, followed by 90 days of electronic monitoring, with costs paid by [Appellant].

Trial Court Opinion (TCO), 4/3/2018, at 1-2 (unnecessary capitalization omitted).

Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, counsel has filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the **Anders** brief:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. Super. 2009).

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[1] Thus, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"

_____

[1] Appellant has not filed a response to counsel's petition to withdraw.

*Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

In her *Anders* brief, counsel presents the following as issues which arguably support an appeal:

1. Did the trial court err in finding Appellant guilty when the Commonwealth failed to prove every element of the charge[] beyond a reasonable doubt and therefore, was insufficient to support Appellant's conviction?

2. Did the trial court err in finding Appellant guilty following Appellant's summary appeal trial when the verdict was against the weight of the evidence presented?

*Anders* Brief at 7 (suggested answers omitted).

Initially, we consider whether Appellant's sufficiency-of-the-evidence claim is waived. To preserve such a claim, the trial court may direct an appellant to submit a Rule 1925(b) concise statement of matters complained of on appeal. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). The Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." *Id.* If the appellant fails to articulate the elements of her crime for which the evidence is allegedly insufficient, then that issue is waived. *See id.* Instantly, Appellant's Rule 1925(b) statement does not specify the allegedly unproven elements upon which the evidence was insufficient. Thus, we find Appellant has waived this claim.

Even if Appellant's sufficiency-of-the-evidence claim were not waived, we agree with counsel that this issue is frivolous. In reviewing a sufficiency-of-the-evidence claim, the following principles apply.

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Wanner*, 158 A.3d 714, 717-18 (Pa. Super. 2017) (quoting *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted)).

To sustain a conviction for driving while operating privilege is suspended or revoked, the Commonwealth must prove that Appellant was driving a motor vehicle on a highway or trafficway while her operating privilege (*i.e.*, driver's

license) was suspended, revoked, or cancelled. 75 Pa.C.S. § 1543(a).[2]

The trial court offered the following in support of its determination that

Appellant was driving while her operating privilege was suspended.

> During the trial in this matter, the Commonwealth presented the testimony of Officer Lynch. He testified as follows:
>
> > [O]n May 22, 2017[,] I was on duty as a uniformed patrol officer working within the Chambersburg Borough which is located in Franklin County.
> >
> > On that date[,] I was driving a marked patrol car and I was in uniform, and I was in the area of South Franklin Street near Loudon Street, and this was at approximately 12:36 in the afternoon.
> >
> > On that time and date[,] I observed a gold Chevrolet Impala [vehicle] turn from Loudon Street on to South Franklin Street headed north bound in the opposite direction where I was stopped in traffic.
> >
> > When that vehicle passed me I recognized the driver as [Appellant,] who is seated over here in the gray shirt with purple hair.
> >
> > ***
> >
> > She was operating that vehicle on that date.

_____

[2] This subsection provides:

> **(a) Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S. § 1543(a). Subsection 1543(b) referenced therein is not relevant to the instant case.

***

> Whenever I got turned around in traffic[, Appellant] accelerated through the turn on to West Queen Street and hastily pulled over with the back end of her vehicle sticking out in traffic.
>
> I was able to pull up behind her with my lights and initiate a traffic stop on her, and she still remained within the driver's seat of that vehicle.

[N.T., 1/25/2018, at 7-9]

TCO, 4/3/2018, at 4-5 (footnote and emphasis omitted).

Here, Appellant argues that the evidence was insufficient to prove that Appellant was driving the vehicle.[3] **Anders** Brief at 11. Specifically, she claims that when Officer Lynch "initiated a traffic stop of Appellant's vehicle, the vehicle was not being driven[,] the vehicle was stationary" and "Officer Lynch did not testify that he made any attempt to ascertain whether the vehicle had recently been driv[en], such as feeling the hood of the car to see if the engine was hot." **Id.** at 10. Appellant relies on her testimony that she was not driving the vehicle, but rather was simply seated in the driver's seat when Officer Lynch approached. **Id.** at 10-11.

_____

[3] Our review of the certified record confirms Appellant's operating privilege was suspended or revoked at the time of the incident. **See** N.T., 1/25/2018, at Commonwealth Exh. 3 (Appellant's certified driver history). There does not appear to be any dispute regarding same, and Appellant does not challenge this on appeal.

Viewing the facts in the light most favorable to the Commonwealth, the evidence is sufficient to support the trial court's determination that Appellant was driving the vehicle. As the trial court explained,

> [t]he Commonwealth must prove that a vehicle was in fact driven. **See**, **e.g.**, **Commonwealth v. Costa-Hernandaz**, 802 A.2d 671, 763-74[] (Pa. Super. 2002).
>
> ***
>
> [T]he testimony of Officer Lynch was sufficient for [the trial court] to find that [Appellant] was driving the vehicle. Officer Lynch's testimony, standing alone, clearly sufficed as both direct evidence (his observation of her driving) and circumstantial evidence that [Appellant] had driven the vehicle in violation of [subs]ection 1543[a] of the vehicle code (he observed the car in motion on the road, saw it pull over with its back end sticking out in the road, and found [Appellant] in the driver's seat immediately thereafter).

TCO, 4/3/2018, at 4-5. We agree with the trial court's determination that Officer Lynch's testimony was sufficient for a fact-finder to believe that Appellant was driving the vehicle. Accordingly, we agree with counsel that this issue is frivolous.

We now turn to Appellant's weight-of-the-evidence issue. **Anders** Brief at 11. A challenge to the weight of the evidence is waived unless it is first presented to the trial court. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009). Specifically, such a claim is subject to preservation pursuant to Pennsylvania Rule of Criminal Procedure 607(A), which provides:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A); *see also Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013). Although a defendant appealing a summary offense in the court of common pleas is not permitted to file a post-sentence motion, *see* Pa.R.Crim.P. 720(D),[4] such a defendant is obligated nonetheless to preserve a weight-of-the-evidence claim by motion prior to sentencing. Pa.R.Crim.P. 607(A)(1), (2).

Because Appellant did not raise her weight-of-the-evidence claim before the trial court, she has waived it.[5, 6] *See Sherwood*, 982 A.2d at 494. An issue that is waived is frivolous. *Commonwealth v. Tukhi*, 149 A.3d 881,

---

[4] Rule 720(D) provides, "There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 720(D).

[5] Appellant did present this issue in her Pa.R.A.P. 1925(b) statement, and the trial court addressed it in its opinion. *See* Concise Statement, 3/12/2018, at 2 (unnumbered); TCO, 4/3/2018, at 5. However, the "[f]ailure to properly preserve [a weight-of-the-evidence] claim results in waiver, even if the trial court addresses the issue in its [Rule 1925(a)] opinion." *Griffin*, 65 A.3d at 938 (citing *Sherwood,* 982 A.2d at 494).

[6] Even if Appellant's claim were not waived, she would not be entitled to relief. The trial court concluded that its verdict did not shock one's sense of justice. TCO, 4/3/2018, at 5. Despite Appellant's argument to the contrary, the Commonwealth established that Appellant was driving the vehicle. Thus, we discern no abuse of discretion in the trial court's conclusion.

888–89 (Pa. Super. 2016); ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Accordingly, on this basis, we agree with counsel that this claim is frivolous.

Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018