J-A04033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN LEE DUTTER | : | |
| | : | |
| Appellant | : | No. 1215 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001460-2018

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                        **FILED MARCH 10, 2020**

Appellant, Stephen Lee Dutter, appeals from the judgment of sentence in the Court of Common Pleas of Montgomery County Criminal Division, following his bench trial convictions for driving under the influence of alcohol or a controlled substance (DUI)/unsafe driving, driving without a license, and driving while operating privilege is suspended or revoked (DUI-related).[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of the case.  Therefore, we have no reason to restate them. Procedurally, the Commonwealth charged Appellant with the above offenses on October 19, 2017.  Appellant proceeded to a bench trial, where the court

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 75 Pa.C.S. §§ 3802(a)(1), 1501(a), and 1543(b)(1), respectively.

convicted Appellant of all charged offenses on March 20, 2019, and sentenced him to a term of five days to six months' for his DUI conviction, in addition to a concurrent 60 days' incarceration for driving with a suspended license (DUI-related). The court also ordered Appellant to pay the costs of prosecution and a fine. Appellant's conviction for driving without a license merged for sentencing purposes. On April 17, 2019, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied.

Appellant raises the following issue for our review:

> Was there sufficient evidence to establish that defendant drove the vehicle where police found him in the driver's seat of a parked but running vehicle with tire tracks leading from the nearby road?

Appellant's Brief at 1.

> A determination of evidentiary sufficiency presents a question of law. As such our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden by proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Russell***, 209 A.3d 419, 426 (Pa. Super. 2019) (citations omitted).

The DUI statute in relevant part provides:

§ 3802. Driving under influence of alcohol or controlled substance

(a) General impairment. –

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S.A. § 3802(a)(1).

Section 1543(b)(1) of the Motor Vehicle Code defines the offense of driving while operating privilege is suspended or revoked as follows:

§ 1543. Driving while operating privilege is suspended or revoked

* * *

(b) Certain offenses.—

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

Section 1501(a) Driving Without a License of the Motor Vehicle Code states the general rule that, "[n]o person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter…". 75 Pa. C.S.A. § 1501(a).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William R. Carpenter, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed June 27, 2019, at 3-7) (finding: officer's testimony established officer responded to single vehicle accident call found Appellant sleeping in driver's seat of car, with motor running, while parked in a field near business center; officer observed tire tracks indicating car went from Overbrook Road across Penn Street through a grass area and came to stop; officer woke Appellant, who emerged from vehicle unsteady on his feet, smelling like alcohol, with glassy eyes; Appellant seemed confused and could not answer officer's questions; Commonwealth presented Appellant's certified driving record, showing Appellant was under DUI-related suspension and his license had expired on June 19, 2011; that circumstantial evidence demonstrated Appellant drove the vehicle; thus, evidence was sufficient to sustain Appellant's convictions for DUI, driving without a license, and driving while operating privilege is suspended or revoked.) Accordingly, we affirm on the basis of the trial court opinion.

- 4 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :     CP-46-CR-0001460-2018

          V.              :

STEPHEN LEE DUTTER       :     1215 EDA 2019

## OPINION

CARPENTER  J.                JUNE 27, 2019

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Stephen Lee Dutter ("Dutter"), appeals from the

judgment of sentence entered on March 20, 2019, which was imposed directly

following his convictions of driving under the influence ("DUI") – general

impairment, driving without a license and driving while operating privileges are

suspended or revoked- DUI related. Dutter's sole issue on appeal challenges the

sufficiency of the evidence of all convictions based upon the lack of direct

evidence that he was the driver of the vehicle.

The non-jury trial held on March 20, 2019, established the

following facts through the sole Commonwealth witness at trial, Officer William

Steinberg of the Hatfield Township Police Department. On September 23, 2017,

at about 5:15 a.m., Officer Steinberg responded to a dispatch call of a one-

vehicle accident. (Bench Trial 3/20/19 pp. 4 – 6). The dispatch took him to the

location of the Fluid Energy Processing and Equipment Center at 2629 Penn

Street, Hatfield, Montgomery County. That's where the officer encountered Dutter who appeared to be sleeping in the driver's seat and the vehicle's engine was running. Id. at 6 – 8.

At the scene, the officer observed tire tracks which he traced back to a grass area on the property of Fluid Energy. Id. at 8. From the officer's investigation the tracks were indicative that Dutter went from Overbrook Road across Penn Street through the grass and then came to a stop. Id. Officer Steinberg woke Dutter by knocking on the window several times. Id. at 8. The officer requested Dutter's identification, and he provided a Pennsylvania identification card. Id. at 9.

Dutter at some point got out of the vehicle. Id. at 10. He was unsteady on his feet, smelled like alcohol, and his eyes were glassy. Id. at 10. Officer Steinberg asked Dutter what he was doing there and how he got there. Id. Dutter seemed confused and couldn't give the officer a direct answer to his questions. Id.

Based upon the position of the vehicle, the engine running, the strong odor of alcohol, glassy eyes, and unsteadiness, Officer Steinberg suspected that Dutter had been driving under the influence of a controlled substance or alcohol and requested him to undergo several filed sobriety tests. Id. at 11 – 12. The field sobriety tests in combination of the other factors led the officer to arrest Dutter for driving under the influence of alcohol. Id. at 12 – 13.

At trial, Officer Steinberg was questioned about Dutter's driving record. At the time of this incident, Dutter's license was suspended, DUI related. Id. at 13. His license had been suspended on December 18, 2008, and had never been restored. Id. at 15 - 16. In fact, that license expired on June 19, 2011. Id. at 16.

At the conclusion of the trial, this Court found Dutter guilty of the aforementioned charges and sentenced him to an agreed upon term of five days to six months' imprisonment. Id. at 39 - 40.

A timely appeal was filed on April 17, 2019. This Court issued an order directing Dutter to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Dutter complied and raised a sufficiency challenge to all convictions.

## ISSUE

I.   Whether the evidence was sufficient to convict Dutter, when the circumstantial evidence established that he drove the vehicle.

## DISCUSSION

I.   The evidence was sufficient to convict Dutter, when the circumstantial evidence established that he drove the vehicle.

The only issue that Dutter raises in this appeal was set forth in his 1925(b) statement as follows:

> There was insufficient evidence presented that Mr. Dutter drove a vehicle, a necessary element of each of the crimes for which Mr. Dutter was convicted. There was no direct evidence that Mr. Dutter ever drove the vehicle he was found asleep in.

3

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find each element of the crimes charged is established beyond a reasonable doubt. See Commonwealth v. Dale, 836 A.2d 150, 152 (Pa. Super. 2003). "As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." Commonwealth v. Thomas, 988 A.2d 669, 670 (Pa. Super. 2009)(citations omitted).

In this case, there is no question that there was no direct evidence that established Dutter drove the vehicle.[1] Rather the issue is whether the circumstantial evidence was sufficient to establish that fact for each conviction. This Court determined that there was based upon the following rationale.

### a. DUI- General Impairment

The Pennsylvania Vehicle Code defines DUI as follows:

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

---

[1] On cross-examination, Officer Steinberg admitted that he did not see Dutter operate the vehicle. (Bench Trial 3/20/19 p. 18).

4

75 Pa.C.S.A. § 3802(a)(1).

The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. "Our precedent indicates that a combination of the following factors is required in determining whether a person had actual physical control of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." Commonwealth v. Williams, 941 A.2d 14, 27 (Pa.Super. 2008) (internal citations and some quotation marks omitted). "The Commonwealth can establish that a defendant had 'actual physical control' of a vehicle through wholly circumstantial evidence." Id. Furthermore, a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated. Id.

At trial, Officer Steinberg responded to a call for a one-vehicle accident. When he arrived on the scene he found Dutter sleeping behind the wheel in the driver's seat and the motor was running. He was also able to trace back the tire tracks from Dutter's car. This indicated that Dutter had driven across a grass area to his final resting place at the Fluid Energy Processing and Equipment Center at about 5:15 in the morning. The officer had to wake up Dutter in order to ask him for his identification. This Court found that this was sufficient circumstantial evidence that Dutter actually operated the vehicle, i.e., that he was the driver of the vehicle.

### b. Driving Without a License and Driving While Operating Privileges Are Suspended or Revoked-DUI Related

Under the Pennsylvania Vehicle Code, a defendant is guilty of driving without a license as follows:

> **(a) General rule.**--No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter...

75 Pa.C.S. § 1501(a).

Section 1543(b)(1)(i) of the Vehicle Code, driving while operating privilege is suspended or revoked, DUI-related, provides, in relevant part:

> (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked ... [ ]relating to driving under influence of alcohol or controlled substance[ ] ... shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i). The critical element, in this case, is whether Dutter was driving. Commonwealth v. Costa-Hernandez, 802 A.2d 671, 673 (Pa.Super. 2002). In order to prove that one "drives" a vehicle, the Commonwealth must prove that the car was in motion at the time in question. Id. at 674. The Commonwealth need not produce direct evidence of driving, but may instead rely on circumstantial evidence creating the inference that the vehicle had been in motion in order to meet its evidentiary burden. Id.

In this case, for all of the reasons that were set forth above, there was sufficient circumstantial evidence that Dutter was in fact the driver of the vehicle to sustain his convictions.

## CONCLUSION

Based on the forgoing analysis, Dutter's judgment of sentence imposed on March 20, 2019, should be affirmed.

BY THE COURT:

WILLIAM R. CARPENTER       J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

**Copies sent on June 27, 2019**
**By Interoffice Mail to:**
Court Administration
Katherine E. Ernest, Esquire, Assistant Public Defender

**By First Class Mail to:**
Stephen Lee Dutter
331 Golf Road
Tamaqua, PA 18252

7